UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS,

          Plaintiff,

  v.

UNITED STATES DISTRICT COURT OF TACOMA WASHINGTON,

CASE NO. 3:22-cv-05354-RSM-BAT

**REPORT AND RECOMMENDATION**

      Plaintiff is well-known abusive litigant. Pre-filing bar orders have been issued in this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). Plaintiff submitted a "Motion for Clarification" alleging 28 U.S.C. § 2284 is unconstitutionally vague and arguing Article III of the Constitution is vague and the Court should clarify what constitutes the supreme law of the "sea" and "outerspace." Plaintiff also asks for clarification on whether a plaintiff can appeal directly to the Supreme Court a state supreme court ruling; can plaintiff appeal to the Supreme Court a state supreme court ruling that declares a treaty or articles of confederation or declaration of independence unconstitutional; Can the Court resolve this case and controversy; and does the creation of the U.S. Senate Judiciary

REPORT AND RECOMMENDATION - 1

Committee create a conflict of interest and violate separation of powers. *See* Dkt. 1. Plaintiff has submitted an IFP application. *Id*.

As a bar order litigant, plaintiff may submit only **three** IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Plaintiff has already filed more than three actions this year. *See e.g., Demos v. Jackson,* 22-5083-LK, and *Demos v. Strange*, 22-5084-DGE, both filed February 8, 2022; *Demos v. State of Washington*, 22-5261-RSM, filed March 16, 2022; *Demos v. United States,* 22-5266-LK and *Demos v. United States,* 22-5267-TSZ, both filed April 19, 2022; and *Demos v. U.S. District Court of Tacoma Washington*, 22-5337-JHC filed May 12, 2022.

Furthermore, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had numerous prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

Plaintiff may not proceed with this action. Because plaintiff has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim, he may not proceed *in formal pauperis* unless he alleges that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Demos*, MC99-113-JLW. Plaintiff's proposed complaint does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted).

The Court recommends **DENYING** plaintiff IFP status and **DISMISSING** the proposed complaint, Dkt. 1, without prejudice in accordance with 28 U.S.C. § 1915(g) and standing bar orders. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re*

REPORT AND RECOMMENDATION - 2

*Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). A proposed Order is attached.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **June 2, 2022.** The Clerk shall note the matter for **June 3, 2022**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 19th day of May, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge